UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HEATHER JADE TYNER,

    Plaintiff,

v.                                        Case No.:  8:21-cv-2943-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff Heather Jade Tyner seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. As explained below, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**     **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

        **A.**     **Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.     Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

C.  **Procedural History**

Plaintiff filed an application for supplemental security income benefits on March 14, 2020, alleging disability beginning on that same date. (Tr. 75, 204-10). The application was denied initially and on reconsideration. (Tr. 75, 98). Plaintiff

requested a hearing and on May 24, 2021, a hearing was held before Administrative Law Judge ("ALJ") John Dawkins. (Tr. 30-60). On June 22, 2021, the ALJ entered a decision finding Plaintiff not under a disability since March 14, 2020, the date the application was filed. (Tr. 10-20).

Plaintiff requested review of the hearing decision, but the Appeals Council denied Plaintiff's request on October 18, 2021. (Tr. 1-5). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on December 20, 2021, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 16).

### D. Summary of ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 14, 2020, the application date. (Tr. 12). At step two, the ALJ found that Plaintiff had the following severe impairments: "degenerative joint disease; degenerative disc disease; anxiety disorder; and major depressive disorder." (Tr 12). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). (Tr. 12).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 416.967(b) except the claimant can stand and/or walk for four hours per eight[-]hour day. The claimant can occasionally crawl, crouch, kneel, climb ramps and stairs, and ladders, ropes, and scaffolds. The claimant can understand, remember, carry out, and exercise judgement for simple tasks.

(Tr. 15).

At step four, the ALJ found Plaintiff had no past relevant work. (Tr. 18). At step five, the ALJ relied on the testimony of a vocational expert to find that considering Plaintiff's age (43 on the application date), education (limited), work experience, and RFC, there are jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 18). Specifically, the ALJ found that Plaintiff could perform such occupations as:

(1) assembler, DOT 739.687-030, light, SVP 2

(2) blade balancer, DOT 701.687-014, light, SVP 2

(3) pre-assembler printed circuit board touch up screener,
    DOT 706.687-038, light, SVP 2

(Tr. 19). The ALJ concluded that Plaintiff had not been under a disability since March 14, 2020, the date the application was filed. (Tr. 19).

## II.  Analysis

On appeal, Plaintiff raises two issues: whether the opinions of treating therapist, Cedrick Forehand, were consistent with and supported by the medical

records and should have been fully adopted by the ALJ; and (2) whether consultative examiner, Dr. Quinonez's limitations are consistent with the medical evidence and supported by the evidence and should have been fully adopted by the ALJ in his RFC determination. (Doc. 18, p. 2, 16).

### A.   Consideration of Medical Evidence

The regulations for disability cases filed after March 27, 2017 – such as this one – changed and an ALJ no longer defers or gives any specific evidentiary weight to a medical opinion. 20 C.F.R. § 404.1520c(a), 20 C.F.R. § 416.920c(a). Thus, an ALJ no longer uses the term "treating source" and does not defer or give specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative medical finding. *Torres v. Comm'r of Soc. Sec.*, No. 6:19-cv-1662-ORL-PDB, 2020 WL 5810273, at *2 (M.D. Fla. Sept. 30, 2020) (citing 20 C.F.R. § 404.1520c(a)).

Instead, an ALJ assesses the persuasiveness of a medical source's opinions given the following five factors, with the first two being the most important: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length, frequency, and purpose of the examining and any treatment relationship; (4) specialization; and (5) other factors, such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(a)-(c); 20 C.F.R. § 416.920c(a)-(c). An ALJ may

but is not required to explain how he considers factors other than supportability and consistency, unless two or more opinions are equally persuasive on the same issue. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. § 416.920c(b)(2).

For supportability, the revised rules provide: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. § 416.920c(c)(1). For consistency, the revised rules provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2); 20 C.F.R. § 416.920c(c)(2).

The new regulations also differentiate between medical opinions and "other medical evidence." 20 C.F.R. §§ 404.1513(a)(2)-(3), 416.913(a)(2)-(3). "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the abilities listed in paragraphs (a)(2)(i) through (iv). 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including

judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. §§ 404.1513(a)(3), 416.913(a)(3).

### B. Therapist Cedrick Forehand

Plaintiff's therapist Cedrick Forehand testified at the hearing that he has a master's level practitioner degree in therapy counseling and counsels indigent clients. (Tr. 38). Mr. Forehand saw Plaintiff every two weeks at the office or via telephone. (Tr. 38). Plaintiff argues that the reasons the ALJ found Mr. Forehand's opinion unpersuasive were not sufficient. (Doc. 18, p. 11).

In the decision, the ALJ summarized Mr. Forehand's testimony:

> The claimant's therapist, Mr. Forehand, testified that the claimant has depression, anxiety, anger problems, and somatic symptoms impacting mental health functioning. He testified that he feels that a work situation would place stress on claimant and opined that the claimant could not consistently work beyond a certain period of time, due to pain, and depression. He further testified that he believed she would have difficulty with social problems and would not be able to maintain focus for two hours at a time.

(Tr. 15). The ALJ found his testimony unpersuasive for the following reasons:

> With regard to the opinion from Mr. Forehand who testified at the hearing, Mr. Forehand is not an acceptable medical source. More substantively his testimony was based on the subjective reports of the claimant as recounted at therapy sessions. He did not perform objective testing to measure her mental capabilities and during the pendency of the pandemic, the claimant's therapy sessions have been telephonic rather than face to face. While the record does support that the claimant operates with reduced mental efficiency, as accounted for in

> the finding above, the overall record does not support that the claimant would otherwise be significantly limited in regards to work related mental functioning. Accordingly, Mr. Forehand's testimony is not found to be persuasive.

(Tr. 18). In sum, the ALJ found Mr. Forehand's opinion unpersuasive for four reasons: (1) Mr. Forehand is not an acceptable medical source; (2) his testimony was based on the subjective reports of Plaintiff as recounted at therapy sessions; (3) during the pandemic, Mr. Forehand conducted telephonic rather than face-to-face sessions, and he performed no objective testing to measure Plaintiff's mental capabilities; and (4) the record does not support finding Plaintiff would be significantly limited as to work-related mental functioning other than found in the RFC. (Tr. 18). Plaintiff argues that these reasons for finding Mr. Forehand's opinion unpersuasive are insufficient. (Doc. 18, p. 11).

Plaintiff first concedes that a master's level counselor is not listed as an "acceptable medical source." Indeed, in 20 C.F.R. § 416.902(a), Mr. Forehand's credentials do not appear in the list for acceptable medical sources. While not an acceptable medical source, Mr. Forehand's qualifications appear to fall within the definition of a "medical source." 20 C.F.R. § 416.902(i). In any event, the ALJ correctly noted that Mr. Forehand is not an acceptable medical source under the regulations, but still reviewed and considered his opinion.

Plaintiff claims that the ALJ erred by mentioning that Mr. Forehand conducted telephonic therapy sessions rather than face-to-face sessions. (Doc. 18, p.

14). Without further explanation by the ALJ, the Court agrees that this reason appears unsubstantiated. Even so, the ALJ provided many other reasons in support of his decision as follows.

Plaintiff argues that the ALJ's findings that Mr. Forehand's opinion was based on the subjective reports of Plaintiff and that Mr. Forehand did not conduct objective testing are completely unsubstantiated. (Doc. 18, p. 12). Plaintiff claims that a therapist's evaluation is based on his training and experience and not simply on what a patient tells him. (Doc. 18, p.12). Plaintiff also claims that when Mr. Forehand conducted "Brief Mental Status" evaluations at the therapy sessions, these evaluations amounted to objective testing. (Doc. 18, p. 12-13).

As the ALJ noted, Mr. Forehand conducted "Brief Mental Status" examinations at some therapy sessions. (Tr. 16, 697, 700, 705). He evaluated Plaintiff's mood, speech, thought processes, thought content, homicidal or suicidal ideations, insight, judgment, orientation, attention, concentration, recent and remote memory, expressive and receptive language, and level of participation. (Tr 16, 697, 700, 705). The ALJ found that Mr. Forehand had performed no objective testing to measure Plaintiff's mental capabilities and, other than these brief mental evaluations which the ALJ considered, Mr. Forehand's records indicate no other objective testing. (Tr. 18). The ALJ also found that while some of the therapy sessions records showed abnormalities, the bulk of the records from Mr. Forehand and other medical

sources reported appropriate insight and judgment, normal and focused attention and concentration, intact and accessible recent and remote memory, and normal and age appropriate expressive and receptive language usages. (Tr. 16). Thus, the ALJ explained the inconsistencies between Mr. Forehand's opinion and his therapy records and showed that other medical records of evidence did not support Mr. Forehand's opinion. (Tr. 16, 18). The ALJ noted that Mr. Forehand also reported that Plaintiff's anger problems and somatic symptoms would impact her mental health functioning (Tr. 15, 38). These alleged limitations stem from Plaintiff's subjective complaints during therapy sessions and not from objective testing or observation. (*See e.g.*, Tr. 694, 706). The ALJ also acknowledged that Plaintiff "operates with reduced mental efficiency" and accounted for that limitation in the RFC by limiting her to understanding, remembering, carrying out, and exercising judgment for simple tasks. (Tr 15, 18).

Here, the ALJ considered Mr. Forehand's therapy records, other medical source records, and Mr. Forehand's testimony at the hearing, and while not finding his opinion persuasive, the ALJ did acknowledge Plaintiff's reduced mental efficiency and accounted for it in the RFC. Substantial evidence supports the ALJ's decision to find Mr. Forehand's opinion unpersuasive.

In essence, Plaintiff is asking the Court to reweigh the evidence considered by the ALJ. A court may not decide the facts anew, reweigh the evidence, or substitute

its judgment for that of the Commissioner. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). Even if the evidence preponderates against the Commissioner's decision, the Court must affirm if substantial evidence supports the Commissioner's decision. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021). Remand is not warranted on this issue.

    **C.**    **Consultative Examiner Jonathan Quinonez, D.O.**

On September 19, 2020, Plaintiff attended a consultative examination with Dr. Quinonez. (Tr. 660-64). Plaintiff argues that the ALJ only adopted some of Dr. Quinonez's limitation findings but failed to include a proper evaluation of why some of his limitations findings were supported and consistent with the record while others were not.

The ALJ found Dr. Quinonez's opinion partially persuasive. (Tr. 17). The ALJ thoroughly summarized Dr. Quinonez's evaluation. He also acknowledged that Dr. Quinonez "did provide support for his recommendations by specifically discussing the reasons for such limitations." (Tr. 17). The ALJ questioned two limitations found by Dr. Quinonez – the ability to sit for 4 hours and to lift only 10 pounds. (Tr. 17). The ALJ found:

> However, the limitations for only sitting for 4 hours and lifting only 10 pounds do not appear entirely consistent with the evidence. The undersigned notes that the treatment records since the date of filing simply do not report the appearance of discomfort or that the claimant had to stand during evaluations. Additionally, in regard to lifting only 10 pounds, the

> undersigned reiterates that the treatment records in 2020 and 2021 are largely normal and report minimal in terms of abnormal physical findings on examination. Additionally, the lifting restriction is reportedly based on the claimant's pain which is largely subjective.

(Tr. 17-18).

In sum, the ALJ found the limitations of sitting for 4 hours and lifting only 10 pounds not consistent with the evidence of record and not supported by treatment records from the relevant time period of 2020 to 2021. (Tr. 17-18). Plaintiff claims that the "ALJ should not be able to use the last three encounters which took place during the duress of the pandemic to reject Dr. Quinonez's opinion, mainly because these visits occurred telephonically and not in person." (Doc. 18, p. 24).

This argument is unavailing. The ALJ considered and discussed the treatment records from 2020 and 2021, which clearly indicated that the visits were conducted telephonically. (Tr.16-17, 437, 677). The ALJ also found the records from this time period to contain largely normal findings and reported minimal abnormal physical findings. (Tr. 16-17). These records support the ALJ's findings.

Plaintiff also challenges the ALJ's statement that the lifting restriction was based on Plaintiff's subjective complaints of pain. (Tr. 18, Doc. 18, p. 25). Plaintiff argues to the contrary that Dr. Quinonez based his functional assessment on physical examination findings and a review of the medical records. (Tr. 664). But some of his assessment was based on Plaintiff's subjective complaints. For example, Plaintiff

self-reported she was unable to sit and only stood during most of the physical examination, even though she was able to sit and get on and off the exam table without difficulty. (Tr. 660, 661, 663). Thus, Dr. Quinonez's findings are based, at least in part, on Plaintiff's subjective complaints of pain. Further, the treatment records from 2020 and 2021 do not support such limitations for sitting and lifting. For these reasons, substantial evidence supports the ALJ's decision to afford partial weight to Dr. Quinonez's opinion. And again, the Court cannot reweigh the evidence. *See Mitchell*, 771 F.3d at 782.

### III. Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on December 22, 2022.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties